375 A.2d 116

COMMONWEALTH of Pennsylvania

v.

Reginald MAYS, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

Lynne Miller, Assistant Public Defender, Philadelphia, for appellant.

■■■■■■■■■■■■■■

Robert J. Marano, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas, Criminal Trial Division of Philadelphia County. A jury found appellant guilty of robbery and simple assault. The sole issue raised on appeal is that of the sufficiency of the evidence to support the robbery conviction.

■■■■■ The complainant testified that on February 28, 1975, she went to visit relatives in an apartment building. She encountered appellant, whom she had known for many years, in the lobby. He told her the elevator was broken and headed up the stairs. She followed several minutes later. When she reached the first landing, she again encountered appellant, who pressed something (never identified) against her side and announced a "stickup," adding "Don't holler." Thinking it was a joke, she pushed him away. He walked ahead of her, turned around, grabbed her purse, and ran up the stairs.

The Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S. § 3701 defines robbery as follows:

"(1)  A person is guilty of robbery if, in the course of committing a theft, he

   (i)  inflicts serious bodily injury upon another

   (ii)  threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

   (iii)  commits or threatens immediately to commit any felony of the first or second degree.

(2)  An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission."

Appellant's conduct clearly constitutes threatening another with serious bodily injury. Informing a person of a "stickup" conveys a threat of injury if property is not surrendered. Appellant would have us read into the statute a proviso that the actor is exonerated by the victim's failure to take the threat seriously. We are unwilling to do so, as the statute says nothing about the victim's subjective state of mind.[1] If the threat were one that a person would not ordinarily be expected to perceive as genuine, this fact would tend to negative the material element of intent to deprive the owner of his property.[2] This is not such a case; appellant's threat was calculated to place the complainant in fear, although her reaction was atypical. Furthermore, appellant does not dispute that the intent to deprive was present.

As we find that appellant's threat brought him within the provisions of the robbery statute, we need not consider the Commonwealth's additional argument that complainant's emotional condition when she reported the incident to the police proves that she was in fact placed in fear of immediate serious bodily injury.

Judgment of sentence is affirmed.

SPAETH, J., files a concurring opinion in which PRICE, J., joins.

1. The Crimes Code in defining robbery removes the problem of requiring a causal nexus between the threat of harm and the victim's parting with his property. Cf. W. LaFave & A. Scott, Criminal Law 699 & 701, n. 56 (1972).

2. And, if a defendant were charged with robbery on the basis of a threat so patently ridiculous that non-compliance was the reaction of his victim and the only conceivable reaction of any hypothetical future victim, the court would have authority to dismiss the prosecution pursuant to 18 Pa.C.S. § 312, which provides in pertinent part:

(a) General rule.—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction . . ."

322

SPAETH, Judge, concurring:

I believe we do have to reach the Commonwealth's argument that the victim was put in fear of serious bodily injury. Reaching it, I find sufficient evidence from which the jury could find that she was. I therefore concur. *Cf. Commonwealth v. Farmer*, 241 Pa.Super. 373, 376–380, 361 A.2d 701, 702–04 (1976) (Dissenting Opinion by SPAETH, J.).

PRICE, J., joins in this opinion.