546 A.2d 116

**COMMONWEALTH of Pennsylvania**

v.

**John G. THOMAS, Appellant.**

Superior Court of Pennsylvania.

Argued June 3, 1988.

Filed Aug. 19, 1988.

---

456

Earl G. Kauffman, Philadelphia, for appellant.

Ronald Eisenberg, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, McEWEN, BECK, KELLY, POPOVICH and MELINSON, JJ.

BECK, Judge:

Appellant was found guilty by a jury of robbery as a felony in the first degree. He was then sentenced to six to

fifteen years' imprisonment. On direct appeal, this Court affirmed appellant's judgment of sentence. Appellant subsequently filed a petition for relief under the Post Conviction Hearing Act. 42 Pa.Cons.Stat.Ann. § 9541 et seq. (Purdon 1982). The petition was denied and this appeal followed.

The evidence adduced at trial establishes that appellant entered a McDonald's Restaurant in the early morning hours and jumped over the service counter. He announced that "this is a robbery" and proceeded to push a cashier. As he was doing so, appellant held a pointed object under his shirt with one hand. The cashier and a co-worker both testified that they believed that the object which appellant was pointing was a gun. With his free hand, appellant began to take money from the cash register. However, when appellant began to use both hands to retrieve the money, he exposed the contents of the hand which he had kept under his shirt. He was holding, not a gun, but a six-inch door lock. Upon realizing that appellant did not possess a gun, one of the employees tried to stop appellant, but appellant escaped.

Appellant's sole claim is that trial counsel was ineffective for failing to request a jury instruction on the lesser offense of robbery as a second degree felony under 18 Pa. Cons.Stat.Ann. § 3701(a)(1)(iv) (Purdon 1983). When reviewing allegations of ineffectiveness of counsel, we must first determine if the underlying issue is one of arguable merit. *Commonwealth ex. rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Thomas*, 363 Pa.Super. 348, 352, 526 A.2d 380, 381 (1987). Here, the evidence in the record would not have supported the second degree robbery charge. Therefore, appellant was not entitled to have the jury instructed on the second degree robbery charge. Counsel is not ineffective for failing to assert a baseless claim. *Commonwealth v. Nelson*, 514 Pa. 262, 274–5, 523 A.2d 728, 735 (1987). Therefore, we affirm the order denying appellant's petition for post-conviction relief.

Appellant was charged with, and the trial court instructed the jury on, robbery as a felony of the first degree under 18 Pa.Cons.Stat.Ann. § 3701 (Purdon 1983). That statute, in pertinent part, provides:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

18 Pa.Cons.Stat.Ann. § 3701(a)(1)(i) and (ii) (Purdon 1983). Appellant contends that his trial counsel was ineffective for failing to request the court to instruct the jury on robbery as a felony of the second degree. Robbery constitutes a felony of the second degree when a person, in the course of committing a theft:

"inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.Cons.Stat.Ann. § 3701(a)(1)(iv) (Purdon 1983).

■ Appellant asserts that had defense counsel requested such an instruction, he would have been entitled to it since robbery as a second degree felony is a lesser included offense of the first degree robbery charge. An offense can be considered a lesser included offense of a charge if each and every element of the lesser offense is necessarily an element of the greater. *Commonwealth v. Wise,* 298 Pa. Super. 485, 493, 444 A.2d 1287, 1291 (1982). The "serious bodily injury" required to prove first degree robbery is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.Cons.Stat.Ann. § 2301 (Purdon 1983). On the other hand, second degree robbery requires proof of "bodily injury" which is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.Cons.Stat.Ann § 2301 (Purdon 1983).

These same definitions were examined in *Commonwealth v. Sirianni,* 286 Pa.Super. 176, 428 A.2d 629 (1981). *Siri-*

*anni* held that simple assault, as an attempt to cause mere bodily injury, is a lesser included offense of aggravated assault which is an attempt to cause serious bodily injury. 286 Pa.Super. at 182, 428 A.2d at 633. The definition of "serious bodily injury" includes within it "bodily injury." 286 Pa.Super. at 182, 428 A.2d at 632. The same rationale applies to the two charges of robbery considered here. The elements of threatening or intentionally putting another in fear of immediate bodily injury in the course of committing a theft (second degree robbery) are included in the greater first degree offense of threatening or intentionally putting another in fear of immediate serious bodily injury in the course of committing a theft.

■ However, appellant is not automatically entitled to have the jury instructed on second degree robbery simply because that charge constitutes a lesser included offense of the first degree robbery charge. A defendant is entitled to such an instruction only where the evidence in the record would permit the jury to find, rationally, the defendant guilty of the lesser included offense but not the greater offense. *Commonwealth v. Wood*, 327 Pa.Super. 351, 475 A.2d 834 (1984); *Commonwealth v. Sirianni*, 286 Pa.Super. at 183, 428 A.2d at 633.

Appellant asserts that he was entitled to such an instruction because the evidence supported a finding that appellant threatened the McDonald's employees with "immediate bodily injury" but not with "immediate serious bodily injury." According to appellant, since appellant carried only a lock, which cannot cause serious bodily injury, the victims were never placed in fear of serious bodily injury. Appellant further maintains that since the employees realized before appellant escaped that the hidden object was not a gun, any fear they had of serious bodily injury was unfounded.

Appellant's focus on the true nature of the hidden object and on the state of mind of the victims is misplaced. Rather, the proper focus under the statute in determining the type of bodily harm threatened is on the defendant's intent and actions. *Commonwealth v. Morton*, 355 Pa.Super. 183, 512 A.2d 1273 (1986); *Commonwealth v. Mays*,

460

248 Pa.Super. 318, 375 A.2d 116 (1977). In simulating the possession of a gun, appellant was clearly aiming to instill in his victims the highest degree of fear. Faced with a deadly weapon, a victim fears, not just that he or she may be injured during the robbery, but that his or her very life is in danger. Appellant did not simply intend that the victims' fear of some bodily injury would prevent resistance; rather, he relied on the threat of a deadly weapon to insure compliance.

Appellant's crime is not made less serious by the fact that he did not possess a gun, but was only simulating one. *Commonwealth v. Hurd,* 268 Pa.Super. 24, 29, 407 A.2d 418, 420 (1979) (defendant placing hand in pocket and pointing at victim shows that defendant intended to put victim in fear of serious bodily harm). Neither is the harm intended reduced to mere bodily harm simply because the victims realized before appellant escaped (but after appellant began taking the money), that appellant did not possess a gun. The proper question is whether the threat intended or posed by appellant was calculated to inflict fear of serious bodily injury. *Commonwealth v. Mays,* 248 Pa.Super. at 321, 375 A.2d at 118. The threat posed by the appearance of a gun is calculated to inflict fear of deadly, not just mere bodily, injury. This threat enabled appellant to proceed with the theft. The fact that the victims eventually discovered that appellant did not have a gun may have served only to dissipate tension somewhat, if at all, during appellant's escape. Moreover, the statute instructs that in determining the grade of the felony we focus on the intent or act of the defendant and not the subjective state of mind of the victim. Appellant would not have been exonerated of the first degree felony even if his victims refused to take his threat seriously. *Hurd,* 268 Pa.Super. at 29, 407 A.2d at 420; *Mays,* 248 Pa.Super. at 321, 375 A.2d at 118.

■ The statute itself, by dividing the degrees of robbery into gradations of possible violence, demands that the jury make a decision as to the degree of violence that the defendant intended or used in the commission of the crime. In distinguishing between bodily injury and serious bodily

injury, the legislature recognized that the amount of force used or threatened on a person during a robbery deserved separate treatment and penalty, with the punishment proportionate to the amount of violence threatened or used. *Commonwealth v. Brown*, 506 Pa. 169, 175, 484 A.2d 738, 741 (1984). It would be both irrational and contrary to the aims of the statute for the jury to be permitted to find appellant, who calculated that his victims would be in mortal fear of a deadly weapon, guilty only of the lesser offense of threatening mere bodily injury, but not guilty of threatening serious bodily injury. Appellant was therefore not entitled to have the jury instructed on the charge of second degree robbery. *See Commonwealth v. Sirianni*, 286 Pa.Super. at 183, 428 A.2d at 633 (where firearm involved, it would not have been reasonable for the jury to infer the intent to cause mere bodily injury from the fact that no serious bodily injury was caused; defendant not entitled to jury instruction on lesser included offense of simple assault). Instructions should invite the jury to arrive at a rational, not an irrational, conclusion.

We affirm the order of the lower court denying appellant's petition for post-conviction relief.

WIEAND, J., concurs in the result.