570 A.2d 86

**COMMONWEALTH of Pennsylvania**

v.

**John ROSS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 4, 1989.

Filed Feb. 12, 1990.

**34**

Harvey L. Anderson, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before CAVANAUGH, BROSKY and WIEAND, JJ.

PER CURIAM:

John Ross was tried nonjury and was found guilty of robbery, a felony of the first degree, in violation of 18 Pa.C.S. § 3701(a)(1)(ii), criminal conspiracy in violation of 18 Pa.C.S. § 903, and possession of an instrument of crime in violation of 18 Pa.C.S. § 907(a). A motion for post-trial relief was denied, and Ross was sentenced to serve a term of imprisonment of not less than five (5) years nor more than ten (10) years for robbery and to concurrent, lesser terms for criminal conspiracy and possessing an instrument of crime. On direct appeal from the judgments of sentence, Ross contends that (1) the evidence was insufficient to show a criminal conspiracy, and (2) the evidence was insufficient to show a robbery which was a felony of the first degree in violation of 18 Pa.C.S. § 3701(a)(1)(ii) and showed no more than a violation of 18 Pa.C.S. § 3701(a)(1)(iv), which is a felony of the second degree. As such, he contends, his offense did not implicate the mandatory sentence provisions of 42 Pa.C.S. § 9713(a), which are applicable to certain enumerated crimes committed "in or near public transportation." Finally, he argues that if the mandatory sentence statute is applicable, it is unconstitutional because it violates due process and equal protection guarantees and also the constitutional proscription against cruel and unusual punishment. We find no merit in these arguments and affirm the several judgments of sentence.

■ The evidence has been recited fully in the opinion of the learned trial judge, and there is nothing to be gained by repeating it here. Suffice it to say that it was sufficient to show that appellant, by the use of an upraised knife, had threatened his victim with serious bodily injury. This is a felony of the first degree in violation of 18 Pa.C.S. § 3701(a)(1)(ii). The proper focus under this section is the type of bodily harm threatened. We look at the defendant's intent and actions and not necessarily on the subjective state of mind of the victim. *Commonwealth v. Thomas*, 376 Pa.Super. 455, 460, 546 A.2d 116, 118 (1988) (en banc), *allocatur denied*, 520 Pa. 616, 554 A.2d 509 (1989). Since the evidence showed that appellant in this case intended to and in fact did threaten his victim by an upraised knife, it is not a defense to a charge under subsection (ii) of the robbery section that only the threatened person's companion, who was assaulted simultaneously by a second robber, actually saw the knife.

Similarly, we rely on the trial court's review of the evidence in determining that it was adequate to show appellant's participation in a conspiracy to rob the two women who were waiting for the Broad Street subway.

■ Appellant's contention that the mandatory sentence provisions of 42 Pa.C.S. § 9713(a) violate concepts of due process has previously been before the Superior Court, and the constitutionality of the statute has been upheld. See: *Commonwealth v. Sargent*, 349 Pa.Super. 289, 503 A.2d 3 (1986). See also: *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985) (42 Pa.C.S. § 9712, requiring a mandatory sentence where defendant is in visible possession of a firearm, does not violate due process); *Commonwealth v. Sanders*, 380 Pa.Super. 78, 551 A.2d 239 (1988), *allocatur denied*, 522 Pa. 575, 559 A.2d 36 (1989) (statute is not vague or overbroad). Similarly, the statute has been held not to violate principles of equal protection. See: *Commonwealth v. Jones*, 374 Pa.Super. 431, 543 A.2d 548 (1988), *allocatur denied*, 522 Pa. 574, 559 A.2d 35 (1989).

36

■ Finally, appellant makes the bald suggestion—he offers no argument and cites no cases—that the provisions of 42 Pa.C.S. § 9713(a) serve to impose cruel and unusual punishment. Although this section of the statute has not been reviewed previously to determine whether it violates the constitutional proscription against cruel and unusual punishment, other statutes imposing similar mandatory sentences under other aggravating circumstances have been upheld. See: *Commonwealth v. Howard*, 373 Pa.Super. 246, 540 A.2d 960 (1988) (mandatory minimum sentence of five years required by 42 Pa.C.S. § 9712 for use of visibly possessed firearm does not constitute cruel and unusual punishment); *Commonwealth v. Arnold*, 356 Pa.Super. 343, 514 A.2d 890 (1986) (mandatory minimum sentence of five years required by 42 Pa.C.S. § 9718 for rape of child under sixteen (16) years is not cruel and unusual punishment). See also: *Commonwealth v. Hernandez*, 339 Pa. Super. 32, 488 A.2d 293 (1985) (mandatory sentence provisions of drunk driving law, 75 Pa.C.S. § 3731 et seq., do not impose cruel and unusual punishment). The result in the instant case could not be otherwise. The mandatory minimum sentence required by 42 Pa.C.S. § 9713(a) does not exceed the maximum sentence authorized by 18 Pa.C.S. § 106(b)(2) for all felonies of the first degree.

In view of precedential authority to the contrary, appellant's boilerplate averments of unconstitutionality cannot prevail. The mandatory sentence provisions of 42 Pa.C.S. § 9713(a) are constitutional.

The judgments of sentence are affirmed.