J-S29008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR DALFONSE | |
| Appellant | No. 2191 EDA 2015 |

Appeal from the Judgment of Sentence May 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004419-2014

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                          **FILED MAY 05, 2017**

Victor Dalfonse appeals from his judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County. Upon careful review, we affirm.[1]

The trial court set forth the facts of this case as follows:

On January 2, 2014, at approximately 8:30 in the evening, complainant and a friend were in the Tacony section of Philadelphia, PA, seeking to purchase marijuana. During the course of their search, [they] proceeded to a corner store where they encountered an individual standing outside. Complainant and his friend asked the individual whether he had any marijuana; the individual responded that he was waiting for some marijuana to arrive. Complainant requested that the

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that, despite several requests for extensions granted by this Court, the Commonwealth did not file a brief in this matter.

individual notify him once the marijuana had arrived because complainant wanted to make a purchase. Complainant and his friend then continued inside the corner store. While still in the store, complainant observed [Dalfonse] engage in what appeared to be a hand-to-hand exchange with the aforementioned individual [with whom he had just spoken]. Complainant then approached [Dalfonse] to attempt to purchase marijuana, whereupon [Dalfonse] responded that he did not have any marijuana, but that he would return to the store with marijuana within ten (10) to fifteen (15) minutes. As a result, complainant and his friend waited for [Dalfonse's] return inside of the corner store.

Upon returning to the corner store, [Dalfonse] directed complainant to follow him outside to the corner in order to avoid surveillance cameras. [Dalfonse] and complainant then proceeded outside to the corner[,] at which time [Dalfonse] asked complainant if he had money to purchase marijuana. Complainant produced twenty-five dollars ($25) in United States currency and gave it to [Dalfonse,] who then placed the money inside his jacket pocket. [Dalfonse] then retrieved a silver revolver with a shortened barrel from behind his back, and pressed the firearm against complainant's stomach[,] whereupon [Dalfonse] stated "get the f--- out of here, you little pussy." Complainant distinctly described feeling as if [Dalfonse] was jabbing the firearm into his stomach.

Following the incident, complainant waited for [Dalfonse] to walk away from him down the block, then complainant re-entered the corner store. Complainant notified his friend and the store manager of what had just transpired[,] whereupon all three (3) individuals unsuccessfully attempted to locate [Dalfonse]. Complainant and his friend then returned to complainant's home. Complainant did not contact the police because [he] feared that [Dalfonse] would retaliate; complainant's fear was grounded in [Dalfonse's] use of a firearm during the incident in question.

Trial Court Opinion, 5/13/16, at 3-4. The complainant subsequently went to the home of Dalfonse's mother, who gave him $25 after he explained to her what had happened. The complainant eventually reported the incident to police. He positively identified Dalfonse from a photograph and police

- 2 -

obtained a warrant to search Dalfonse's mother's home. Upon conducting the search, police found neither contraband nor a firearm.

On November 17, 2014, after a nonjury trial before the Honorable Edward C. Wright, Dalfonse was convicted of robbery[2] and related offenses.[3] Sentencing was deferred pending a presentence investigation and mental health evaluation and, on May 8, 2015, Dalfonse was sentenced to an aggregate term of 10 to 20 years' incarceration, followed by five years of probation. Dalfonse filed a motion to modify sentence, which was denied. On July 22, 2015, he filed a timely appeal to this Court, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Dalfonse challenges the sufficiency and weight of the evidence supporting his conviction for robbery, as well as the discretionary aspects of his sentence.

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Weston**, 749 A.2d 458, 460 n.8 (Pa. 2000). "For

---

[2] 18 Pa.C.S.A. § 3701.

[3] Dalfonse was also convicted of persons not to possess firearms ("VUFA"), 18 Pa.C.S.A. § 6105; firearms not to be carried without a license, 18 Pa.C.S.A. § 6106; carrying firearms on public streets in Philadelphia, 18 Pa.C.S.A. § 6108; theft by unlawful taking or disposition, 18 Pa.C.S.A. § 3921; receiving stolen property, 18 Pa.C.S.A. § 3925; possessing instruments of crime, 18 Pa.C.S.A. § 907; terroristic threats, 18 Pa.C.S.A. § 2706; simple assault, 18 Pa.C.S.A. § 2701; and recklessly endangering another person, 18 Pa.C.S.A. § 2705. Dalfonse does not challenge his convictions as to these offenses.

questions of law, our scope of review is plenary." ***Commonwealth v. Jackson***, 924 A.2d 618, 620 (Pa. 2007). "In reviewing a sufficiency challenge, a court determines whether the evidence, viewed in the light most favorable to the verdict winner, is sufficient to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Id.***

A person is guilty of robbery if, "in the course of committing a theft, he: . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(ii). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. An act is deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission. 18 Pa.C.S.A. § 3701(a)(2).

For the purposes of subsection 3701(a)(1)(ii), the proper focus is on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of "immediate serious bodily injury." ***Commonwealth v. Ross***, 570 A.2d 86, 87 (Pa. Super. 1990). The threat posed by the appearance of a firearm is calculated to inflict fear of deadly injury, not merely fear of "serious bodily injury." ***Commonwealth v. Hopkins***, 747 A.2d 910, 914 (Pa. Super. 2000), citing ***Commonwealth v. Thomas***, 546 A.2d 116, 119 (Pa. Super. 1988). A factfinder is entitled to

infer that a victim was in mortal fear when a defendant visibly brandished a firearm. *Id.*

Here, Dalfonse argues that, because the complainant testified that Dalfonse did not threaten him prior to turning over the money, "there simply was no robbery." Brief of Appellant, at 8. Dalfonse claims that his use of a firearm "had nothing to do with the taking of the money as the money had already been taken." *Id.* He further argues that he did not produce the weapon "in the course of" fleeing from the robbery, as it was Dalfonse who instructed the complainant to leave. This argument is unavailing.

While the complainant did, in fact, voluntarily hand over $25 to Dalfonse, he did so in the belief that Dalfonse would, in exchange, give him $25 worth of marijuana. Instead, Dalfonse accepted the money, immediately brandished a firearm, and instructed the complainant to leave. Based on the complainant's testimony, it is clear that the production of the firearm was part and parcel of Dalfonse's effort to deprive the complainant of both his $25 and the marijuana he expected in return. Thus, the Commonwealth established that Dalfonse placed the complainant "in fear of immediate serious bodily injury in the course of committing a theft." *See Hopkins*, *supra* (factfinder entitled to infer victim in mortal fear when defendant visibly brandished firearm); 18 Pa.C.S.A. § 3701(a)(1)(ii). Moreover, as this Court has previously held, the Commonwealth need not prove a verbal utterance or threat to sustain a conviction under subsection 3701(a)(1)(ii). *Hopkins*, 747 A.2d at 914, citing *Commonwealth v.*

- 5 -

*Scott*, 369 A.2d 809, 813 (Pa. Super. 1976). Based upon the foregoing facts, the finder of fact could reasonably have found beyond a reasonable doubt that Dalfonse committed the offense of robbery.

Dalfonse also asserts that his conviction for robbery was against the weight of the evidence.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [fact finder] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [fact finder's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Tejada*, 107 A.3d 788, 795–96 (Pa. Super. 2015), quoting *Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. 2012) (citation omitted).

Here, Dalfonse argues that "the greater weight of the evidence does not establish that there was any force used at any relevant time in this event." Brief of Appellant, at 11. Thus, he asserts, "this was a theft and while other offenses were involved . . ., the greater weight of the evidence would not establish that this was a robbery." *Id.* at 11-12. This argument is misplaced.

Dalfonse appears to conflate his purported challenge to the weight of the evidence with a challenge to its sufficiency, arguing that the Commonwealth did not demonstrate "that there was any force used at any relevant time in this event." *Id.* at 11. A claim that the Commonwealth failed to prove an element of an offense goes to sufficiency, not weight. In any event, Dalfonse is entitled to no relief.

Here, Dalfonse was convicted under subsection 3701(a)(1)(ii), which requires that the actor "threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(ii). Dalfonse's argument, however, addresses the elements of subsection 3701(a)(1)(v), pursuant to which an individual commits robbery when he "physically takes or removes property from the person of another by force however slight." 18 Pa.C.S.A. § 3701(a)(1)(v). Because Dalfonse was charged under subsection 3701(a)(1)(ii), the Commonwealth was not required to prove that he used force in the course of committing the theft. Accordingly, this claim is meritless.[4]

Lastly, Dalfonse challenges the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right.

---

[4] To the extent that Dalfonse attempts to raise a challenge to the weight of the evidence, his claim is meritless. Our review of the trial court's exercise of discretion in concluding that its verdict was not against the weight of the evidence reveals no palpable abuse of that discretion in light of the record in this matter. *Tejada, supra*.

*Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Dalfonse filed a timely notice of appeal and preserved his sentencing claim by filing a motion to modify sentence. He also includes in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f). Accordingly, we must determine whether Dalfonse raises a substantial question that his sentence is not appropriate under the sentencing code.

In his Rule 2119(f) statement, Dalfonse argues that: (1) his sentence was manifestly excessive because the court imposed a consecutive sentence on the VUFA conviction under section 6105 when the use of the weapon had already been determined and incorporated under the robbery bill; (2) the court primarily considered the seriousness of the offense and not Dalfonse's individual characteristics or mitigating factors; and (3) the court was

prejudiced against Dalfonse because Dalfonse "acted out in court" after the verdict was announced.

To the extent that Dalfonse complains that his sentence on the section 6105 VUFA conviction was imposed consecutively rather than concurrently, he fails to raise a substantial question. Long-standing precedent of this Court recognizes that section 9721 of the Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time, or to sentences already imposed. ***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005). Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. ***Id.***

Dalfonse also asserts that the sentencing court failed to consider mitigating factors when imposing sentence. "This Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citations omitted). Accordingly, we find that this claim does not raise a substantial question.[5]

---

[5] Even if Dalfonse had raised a substantial question, he still would not be entitled to relief. The trial court here had the benefit of a presentence investigation ("PSI") report. Where the sentencing court had the benefit of a PSI, we may assume the court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. ***Commonwealth v. Moury***, 992 A.2d 162, 171
*(Footnote Continued Next Page)*

Dalfonse lastly claims that the sentencing court was prejudiced against him. This claim raises a substantial question. ***Commonwealth v. McNabb***, 819 A.2d 54, 56–57 (Pa. Super. 2003) (substantial question raised by alleging sentencing court relied on impermissible factors). Nevertheless, Dalfonse is entitled to no relief.

Dalfonse asserts that the trial court harbored bias against him based upon his outburst at trial. Specifically, after the trial court announced its verdict in this case, the following transpired in the courtroom:

> THE COURT: Is that a good [sentencing] date for the Commonwealth?
>
> (Defendant turned to the audience.)
>
> MS. BARR [(Complainant's mother)]: He just threatened, Officer.
>
> MS. REBSTOCK [(Counsel for Commonwealth)]: What did he say?

*(Footnote Continued)* ————————

(Pa. Super. 2010); ***see also Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2005). Here, the sentencing court stated on the record:

> In fashioning a sentence, the [c]ourt has considered the gravity of the offense, the rehabilitative needs of the defendant, the need to protect the community, the prior record score, pre-sentence investigation, mental health report, arguments of Commonwealth, arguments of defense, exhibits offered[,] as well as defendant's allocution.

N.T. Sentencing, 5/8/15, at 52. The court also noted the fact that Dalfonse did not have a father to help raise him and that he had suffered brain trauma. Thus, it is apparent from the record that the court properly considered Dalfonse's individual characteristics as well as mitigating circumstances.

MS. BARR:  He said he'll see him.

THE DEFENDANT:  I don't care, you know I'm saying [sic].

THE COURT:  What?

THE SHERIFF:  Don't turn around.

THE COURT:  Could you bring [Ms. Barr] up to the bar of the court, Ms. Rebstock, please.

MS. REBSTOCK:  Yes.  Ms. Barr, can you please come up.  Does Your Honor want her here?

THE COURT:  No; right there at the bar.  She's been previously sworn.

Madam, I'm sorry, what did you just hear?

MS. BARR:  [Dalfonse] looked at my son and said, "I'll see you, cuz."

This is the whole point, Your Honor.  My greatest fear is the retaliation in this factor.  This man lives on my block.

THE COURT:  Ms. Rebstock, if there's any retaliation, I want new charges filed immediately, because this is an open court.  If he's got that much disdain in open court, I can only imagine what occurs outside the court.

N.T. Trial, 11/17/14, at 152-53.

Subsequently, at sentencing, the court made the following statement:

This [c]ourt is aware of the animus that you displayed in this courtroom.  I'm not going to belabor it.  Madam District Attorney went on the say how you behaved subsequent to the guilty verdict and what you tried to tell the victim.

N.T. Sentencing, 5/8/15, at 53.

Based on the foregoing, Dalfonse asserts that the court harbored bias against him.  We cannot agree.  Not only are his sentences within the standard ranges of the applicable guidelines, but Judge Wright also provided a detailed basis for his sentence on the record and in his Rule 1925(a)

opinion. **See id.** at 52-55 (noting, *inter alia*, rehabilitative needs of defendant, need to protect community, PSI, mental health evaluation, defendant's statement, defendant's lack of father figure and brain trauma, defendant's addiction issues, defendant's failure to respond to community supervision, defendant's courtroom outburst, impact of crime on victim, defendant's poor employment record, and failure to respond to rehabilitation efforts). In short, there is nothing in the record to suggest that the trial court was biased or prejudiced in sentencing Dalfonse.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2017