J-S82032-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MUJAHID MUHAMMAD, | : | |
| | : | |
| Appellant | : | No. 126 EDA 2018 |

Appeal from the PCRA Order December 5, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006525-2010
CP-51-CR-0006526-2010

BEFORE:  LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED MARCH 12, 2019**

Mujahid Muhammad (Appellant) appeals from the December 5, 2017 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This case involves a dispute during a basketball game that devolved into a shooting.  We begin with this Court's summary of the facts in Appellant's direct appeal:

> This case began over an argument about the rules of a pickup basketball game.  At around 6:30 p.m. on March 2, 2010, Anthony Ellerbee, his cousins Keith and Zsaron Simpson, and a friend arrived at World's Gym on Roosevelt Boulevard in Northeast Philadelphia to play basketball.  Under the rules of the game, the teams counted all made field goals as one point.  During the first game, Appellant, who was waiting to play, began to yell from the sideline that three-point field goals should count as two points, to speed up the pace of play.  After the first game was over, Appellant and Zsaron Simpson got into a verbal altercation near center court.  Ellerbee stepped in between the

* Retired Senior Judge appointed to the Superior Court.

two to diffuse the situation. Appellant eventually walked off the court.

While playing the next game, Ellerbee noticed that Appellant was on a cellphone. Play continued for about 20 minutes until a foul stopped the action. During the break, Ellerbee and Keith Simpson noticed a man (the shooter) wearing jeans, boots, and a dark jacket. Everyone else in the gym was dressed to play basketball. The shooter and Appellant made eye contact and exchanged head nods, and the shooter walked up to Zsaron Simpson, passing by the other players and people waiting to play.

Appellant and Zsaron Simpson exchanged words, and the shooter pulled a handgun and struck Zsaron Simpson in the mouth with it. He pointed the gun at Keith Simpson, and then at Ellerbee, who raised his hands. While the shooter pointed the gun at Ellerbee's chest, Appellant ran over and tackled Zsaron Simpson to the floor. The [shooter] ran over to Appellant and Zsaron Simpson, and Ellerbee followed to assist Zsaron. Ellerbee pulled the shooter off Zsaron and forced the shooter onto the floor. Once on the floor, Appellant punched Zsaron Simpson multiple times. The shooter fired a shot into Ellerbee's chest, and then a second that grazed Ellerbee's forehead and struck his ear. Zsaron Simpson moved away toward a bench at center court. The shooter followed and shot him once in the stomach. Then, the shooter and Appellant left the gym together. Ellerbee and Zsaron Simpson also left. Both were hospitalized for their injuries. Ellerbee spent two days in the hospital and needed two months of rehabilitation. Zsaron Simpson was hospitalized for about one month and required four surgeries.

Philadelphia [p]olice officers on routine patrol apprehended Appellant later that evening. Appellant had blood on his shirt and a graze gunshot wound that required medical treatment.

Appellant was charged with two counts each of attempted murder, aggravated assault, conspiracy to commit murder or aggravated assault, and other crimes not relevant here. Following trial, the jury convicted Appellant of both counts of aggravated assault, acquitted him of both counts of attempted murder, and deadlocked on both counts of criminal conspiracy. The trial court later sentenced Appellant to two consecutive terms of 10 to 20 years in prison. Appellant appealed to this

Court, but we dismissed the appeal, No. 2292 EDA 2012, when Appellant's counsel failed to file a brief. Appellant filed a petition for post-conviction relief, and the Commonwealth agreed to reinstatement of Appellant's direct appeal rights.

*Commonwealth v. Muhammad*, 121 A.3d 1136 (Pa. Super. 2015) (unpublished memorandum at 1) (footnotes omitted).

Following reinstatement of his appellate rights, Appellant filed an appeal *nunc pro tunc*. In the appeal, his appellate counsel presented two issues. The first issue challenged the sufficiency of the evidence regarding his culpability as an accomplice to aggravated assault, and the second related to an allegation of prosecutorial misconduct in the Commonwealth's closing argument. *Id.* at 2. This Court determined neither alleged error entitled Appellant to relief and affirmed Appellant's judgment of sentence. *Id.* at 11. Our Supreme Court denied Appellant's petition for allowance of appeal on December 31, 2015. *Commonwealth v. Muhammad*, 129 A.3d 1242 (Pa. 2015).

Appellant timely filed a counseled PCRA petition on January 9, 2017. Following the Commonwealth's motion to dismiss and Appellant's response, the PCRA court permitted Appellant to amend the petition. Appellant did so on September 18, 2017. On December 5, 2017, the PCRA court dismissed Appellant's petition without a hearing.[1]

---

[1] The PCRA court's order dismissing Appellant's petition does not appear in the certified record, but is reflected on the docket. It appears that the PCRA court failed to issue a notice of its intent to dismiss Appellant's petition

*(Footnote Continued Next Page)*

This timely-filed appeal followed.[2] Although Appellant raised several issues in his concise statement, he pursues only one on appeal: the issue of whether the PCRA court erred in dismissing his petition based upon his appellate counsel's ineffective assistance of counsel. Appellant's Brief at 2.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. *Commonwealth v. Orlando,* 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

---

*(Footnote Continued)* ——————————

pursuant to Pa.R.Crim.P. 907 before denying relief. Issuance of a Rule 907 notice is mandatory. *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007). Nevertheless, Appellant has not raised this issue on appeal; so he waived any defect in notice. *See Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa. Super. 2016) (holding an error in failing to issue Rule 907 notice is waivable).

[2] Appellant filed a concise statement of matters complained on appeal pursuant to Pa.R.A.P. 1925(b). This Court was notified that because the Honorable Earl W. Trent was no longer sitting as a judge in Philadelphia County, no Pa.R.A.P. 1925(a) opinion would be filed.

"[C]ounsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary." ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

In the instant case, Appellant argues that appellate counsel was ineffective for failing to pursue on appeal the trial court's denial of an instruction for simple assault. Appellant's Brief at 7-8. He maintains that because the jury acquitted him of both counts of attempted murder and deadlocked on both counts of criminal conspiracy, the jury may not have convicted him of aggravated assault if they knew convicting him of simple assault was an option. *Id.* According to Appellant, the jury's verdict shows that the jury rationally may have rejected his criminal liability for playing a role in the shootings and may have chosen to hold him criminally responsible for his tackling of Ellerbee only. *Id.* at 8. Furthermore, according to Appellant, the claims appellate counsel pursued on appeal were "markedly

weaker," and thus counsel could not have had a reasonable basis for not pursuing the instruction issue in favor of the other claims. *Id.* at 8. He concludes that he suffered prejudice because had counsel raised the instruction claim, the case would have been remanded for a new trial. *Id.* at 9.

This Court has held that "[t]here is no requirement for the trial judge to instruct the jury pursuant to every request made to the court." *Commonwealth v. Phillips*, 946 A.2d 103, 110 (Pa. Super. 2008) (citation omitted). "A defendant is entitled to a charge on a lesser-included offense only where the offense has been made an issue in the case and the evidence would reasonably support such a verdict." *Commonwealth v. Barnes*, 871 A.2d 812, 823 (Pa. Super. 2005) (citation and emphasis omitted). "In deciding whether a trial court erred in refusing to give a jury instruction, we must determine whether the court abused its discretion or committed an error of law." *Commonwealth v. DeMarco*, 809 A.2d 256, 260–61 (Pa. 2002).

In support of the arguable merit prong of his ineffective assistance of counsel claim, Appellant cites to *Commonwealth v. Ferrari*, 593 A.2d 846 (Pa. Super. 1991), arguing that *Ferrari* stands for the proposition that the trial court erred by not instructing the jury on simple assault because the record evidence supported such a charge. However, Appellant neglects to mention that in *Ferrari*, this Court held that Ferrari's counsel was not

- 6 -

ineffective for failing to request an instruction on simple assault because the evidence supported Appellant's conviction for aggravated assault. *Id.* at 849-50. In support, this Court cited to **Commonwealth v. Thomas**, 546 A.2d 116, 118 (Pa. Super. 1988), where we held that a defendant is not automatically entitled to a jury instruction on a lesser-included offense. Instead, "[a] defendant is entitled to such an instruction only where the evidence in the record would permit the jury to find, rationally, the defendant guilty of the lesser[-]included offense **but not the greater offense**." *Id.* (emphasis added).

In this case, our Court has determined already that there was sufficient evidence to convict Appellant of aggravated assault. Specifically, this Court determined the record demonstrated that

> Appellant argued with Zsaron Simpson over the rules of the basketball game. Ellerbee attempted to break up the argument. Afterward, witnesses saw Appellant talking on his cellphone. During a break in the basketball game, the shooter entered the gym, exchanged a head nod with Appellant, walked past several other people, pulled a gun, and struck Zsaron Simpson in the face with it. Appellant tackled Zsaron Simpson and punched him. The shooter fired three shots. One struck Ellerbee in the stomach, a second grazed Ellerbee's ear and then Appellant (causing the graze wound), and the third struck Zsaron Simpson in the abdomen. After the shooter fired the shot that struck each victim, he and Appellant left together. These facts show, at minimum, that Appellant acted recklessly under circumstances manifesting an extreme indifference to the value of human life. The facts support an inference that after the verbal altercation with Zsaron Simpson, Appellant called the shooter to the gym to participate in a fight with the victims. Because of the fight, each victim suffered serious bodily injury. Appellant, therefore, is liable for the aggravated assault of Zsaron Simpson and Ellerbee.

Under 18 Pa.C.S.A. § 306(d), [the statute imposing accomplice liability,] Appellant is liable for all results of the principal's conduct even if unintended. It does not matter that Appellant may have lacked the specific intent to inflict serious bodily injury, as opposed to mere bodily injury (by tackling Zsaron Simpson and punching him). Interpreting § 306(d), [our Supreme Court in **Commonwealth v. Roebuck** 32 A.3d 613, 620-21 (Pa. 2011)] held that accomplice liability … can be extended to unintended consequences of reckless conduct. … In this case, the Commonwealth [] did not need to prove that Appellant intended to cause serious bodily injury. Rather, it needed to show merely that Appellant acted recklessly under circumstances manifesting an extreme indifference to human life in bringing about the victims' injuries. The evidence was sufficient for the Commonwealth to meet its burden.

\*\*\*

In sum, we hold the evidence is sufficient to support a finding of guilt for each of Appellant's convictions of aggravated assault as an accomplice.

**Muhmmad**, **supra** at 5-6.

The jury's inability to agree unanimously on the conspiracy charge has no bearing on Appellant's liability as an accomplice for aggravated assault, because accomplice liability, unlike conspiracy, does not require proof of an agreement. **See Commonwealth v. Adams**, 39 A.3d 310, 324 (Pa. Super. 2012) (holding "[f]or purposes of accomplice liability, no agreement is required, only aid[;]" the aid "need not be substantial so long as it was offered to the principal to assist him in committing or attempting to commit the crime") (citation and internal quotation marks omitted). Even if the jury could have construed Appellant's act of tackling Simpson as a mere simple assault, the Commonwealth also introduced evidence that "Appellant called the shooter to the gym to participate in a fight with the victims. Because of

the fight, each victim suffered serious bodily injury." ***Muhammad***, ***supra*** at 6. Therefore, even if Appellant did not intend for the shooter to cause serious bodily injury, this Court determined on direct appeal that the facts demonstrate that Appellant committed the greater offense of aggravated assault by acting recklessly under circumstances manifesting an extreme indifference to the value of human life by providing aid to the shooter. ***Id.*** at *6-7. Thus, because there is no merit to Appellant's underlying legal claim that he was entitled to a simple assault instruction, his appellate counsel was not ineffective for deciding not to pursue this issue on appeal. ***See Ferrari***, 593 A.2d at 849-50; ***Thomas***, 546 A.2d at 118.

Based upon Appellant's failure to establish the arguable merit prong of the ineffectiveness of counsel test, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/12/19

- 9 -