J-S33009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC RAYMOND GEORGE | : | |
| | : | |
| Appellant | : | No. 1500 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 29, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000760-2021

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY STEVENS, P.J.E.: **FILED: December 29, 2023**

While the Majority decision contains thoughtful analysis of the issue presented, I write separately to express my disagreement with the current precedent in **Commonwealth v. Northrip**, 603 Pa. 544, 985 A.2d 734 (2009) and **Commonwealth v. Lites**, 234 A.3d 806 (Pa.Super. 2020) which holds that a trial court may not consider the underlying facts of a defendant's prior out-of-state conviction to determine whether it qualifies as an "equivalent offense" of a crime of violence for the purpose of the recidivist sentencing provisions set forth in 42 Pa.C.S.A. § 9714.  Instead, the trial courts are restricted to conduct a strict elemental analysis of the statutes in question.

The record documents the factual basis of Appellant's prior Wisconsin robbery conviction in which Appellant along with a co-defendant aggressively

---

[*] Former Justice specially assigned to the Superior Court.

attacked a juvenile victim by choking him and repeatedly hitting him in the chest and stomach until the victim gave the men his money. If Appellant committed the same conduct in Pennsylvania, he would have been criminally liable for a conviction under 18 Pa.C.S.A. § 3701(a)(1)(ii), which provides that an individual is "guilty of robbery if, in the course of committing a theft, he … [t]hreatens another or intentionally puts him in fear of immediate serious bodily injury" and is considered a "crime of violence" under Section 9714(g).[1]

These circumstances demonstrate the limitations of the strict elemental approach in which the trial court is precluded from considering the undisputed facts underlying a defendant's foreign conviction. **See Northrip**, 603 Pa. at

---

[1] This Court has clarified that:

> [a] conviction under Section 3701(a)(1)(ii) is contingent upon the type of bodily harm threatened. **See Commonwealth v. Ross**, 391 Pa.Super. 32, 570 A.2d 86, 87 (1990) (evidence sufficient to show appellant, by the use of an upraised knife, threatened the victim with serious bodily injury), **appeal denied**, 527 Pa. 644, 593 A.2d 417 (1990). The Commonwealth need not prove a verbal utterance or threat to sustain a conviction under Section 3701(a)(1)(ii). **Commonwealth v. Hopkins**, 747 A.2d 910, 914 (Pa. Super. 2000) (citations and quotation marks omitted). It is sufficient if the evidence demonstrates aggressive actions that threatened the victim's safety. **Id.** For the purposes of Section 3701(a)(1)(ii), the proper focus is on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of "immediate serious bodily injury." **Id.** (citations omitted).

**Commonwealth v. Ouch**, 199 A.3d 918, 923–24 (Pa.Super. 2018).

561, 985 A.2d at 744 (Saylor, J., concurring).[2] Appellant is excused from the application of the recidivist statute because he committed his robbery in a different state.

The Wisconsin and Pennsylvania statutes prohibit the same conduct of committing robbery with the use of force and seek to protect the public from individuals who commit robberies with the use of force. Nevertheless, the applicable precedent requires this Court to ignore the factual basis of Appellant's prior Wisconsin robbery conviction to conclude that such conviction was not an equivalent offense to Pennsylvania robbery offenses deemed to be crimes of violence by Section 9714(g).

Accordingly, I concur in the result and encourage the Legislature reexamine how the current statutory elemental analysis allows offenders with multiple crimes of violence to escape recidivist sentencing provisions.

---

[2] Admittedly, other complex issues would arise if the trial courts were permitted to consider the underlying facts of a prior foreign conviction for recidivist sentencing purposes, including, *inter alia*, constitutional restraints such as those arising under **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and **Alleyne v. United States**, 570 U.S. 99, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013).