J-A06022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ALEX OROZCO | : | |
| | : | |
| Appellee | : | No. 2024 EDA 2018 |

Appeal from the Order Entered June 20, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0009828-2017

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED MARCH 30, 2020**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which affirmed the dismissal of charges brought against Appellee, Alex Orozco, and denied the Commonwealth permission to refile the charges.[1] We reverse and remand.

The relevant facts and procedural history of this appeal are as follows. Ericka Richards ("Complainant") and Appellee have children and lived together on the 7100 block of Castor Avenue in Philadelphia. On the evening of April 7, 2017, Complainant contacted her cousin. Complainant indicated that she

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth timely filed a notice of appeal on July 12, 2018, pursuant to Pa.R.A.P. 311(d) (allowing Commonwealth to appeal as of right in criminal case from pretrial order, where Commonwealth certifies that order will terminate or substantially handicap prosecution).

feared Appellee, who had threatened her family and bragged about shooting someone a week earlier. Complainant's concerns were compounded by the fact that Appellee possessed a firearm, which he brandished in her presence on prior occasions. Complainant even took photographs of the firearm, as Appellee frequently kept it on the coffee table at their residence.

On the morning of April 8, 2017, Complainant's cousin made several unsuccessful attempts to contact Complainant. Fearing for Complainant's safety, Complainant's cousin notified the police. Police arrived at the residence and knocked on the door, but Appellee did not allow them to enter. Complainant asked Appellee to let her leave the residence, but Appellee would not allow it. The police remained outside and surrounded the residence. After approximately one hour, Appellee allowed Complainant and their baby to exit. Several hours later, Appellee surrendered to police.

Police obtained warrants to search the residence, as well as a 2016 Hyundai Sonata parked outside. Complainant indicated that she had seen Appellee driving the vehicle, which a friend had rented for him. The search of the vehicle yielded a firearm inside the glove compartment. Police showed the firearm to Complainant, who identified it as the same firearm she had seen Appellee carrying.

On April 9, 2017, the Commonwealth filed a criminal complaint charging Appellee with five (5) violations of the Uniform Firearms Act ("VUFA") and one

(1) count each of terroristic threats and unlawful restraint.[2]  The Philadelphia County Municipal Court conducted Appellee's preliminary hearing on April 24, 2017.  At the conclusion of the hearing, the court dismissed the VUFA and terroristic threats charges.  The court also remanded the matter for trial on unlawful restraint.

On May 10, 2017, the Commonwealth provided notice of the refiling of the criminal complaint.  The Court of Common Pleas conducted a hearing on the matter on June 20, 2018.  That same day, the court entered an order denying the Commonwealth's request to reinstate the charges.

The Commonwealth timely filed a notice of appeal on July 12, 2018.  On August 8, 2018, the court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The Commonwealth timely filed its Rule 1925(b) statement on August 27, 2018.

The Commonwealth now raises one issue for our review:

> DID THE COMMONWEALTH PRESENT SUFFICIENT EVIDENCE TO MAKE OUT A *PRIMA FACIE* CASE THAT [APPELLEE] VIOLATED SECTIONS 6105, 6106, 6108, AND 6110.2 OF THE UNIFORM FIREARMS ACT?

(Commonwealth's Brief at 4).

On appeal, the Commonwealth argues Appellee constructively possessed the firearm recovered from the vehicle that he had been driving in

---

[2] 18 Pa.C.S.A. §§ 6105, 6106, 6108, 6110.2, 6117, 2706, and 2902, respectively.

the weeks prior to his arrest. The Commonwealth emphasizes Complainant's testimony that: 1) Appellee's friend had rented the vehicle for him; 2) Appellee had been driving the vehicle for a week or two; and 3) she recognized the firearm recovered from the vehicle. The Commonwealth insists the evidence that Appellee drove the vehicle can establish constructive possession, regardless of whether Appellee actually owned the vehicle. In addition to Appellee's constructive possession, the Commonwealth maintains it presented sufficient evidence to establish the remaining elements of the VUFA charges at issue. The Commonwealth concludes it presented a *prima facie* case as to each count of VUFA, and this Court must reverse the order denying the Commonwealth's request to reinstate the charges.[3] We agree.

"[I]t is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." **Commonwealth v. Karetny**, 583 Pa. 514, 528, 880 A.2d 505, 513 (2005). "Indeed, the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime." **Id.**

---

[3] Significantly, the Commonwealth concedes it presented insufficient evidence to support the charges of terroristic threats and altering the serial number of a firearm. **See** Commonwealth's Brief at 9 n.1, 14 n.3. Therefore, the Commonwealth does not challenge the dismissal of these charges. **Id.**

- 4 -

"The purpose of a preliminary hearing is to determine whether the Commonwealth has made out a *prima facie* case for the offenses charged." ***Commonwealth v. Ouch***, 199 A.3d 918, 923 (Pa.Super. 2018).

> The preliminary hearing is not a trial. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention. At this hearing the Commonwealth bears the burden of establishing at least a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it.
>
> In addition, the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. The standard clearly does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage. Most significant in this appeal, the weight and credibility of the evidence is not a factor at this stage.

***Commonwealth v. Hilliard***, 172 A.3d 5, 10 (Pa.Super. 2017) (internal citations and quotation marks omitted). "Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case." ***Ouch, supra*** at 923.

Further, the Uniform Firearms Act provides, in relevant part, as follows:

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.—**
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control,

sell, transfer or manufacture a firearm in this Commonwealth.

\* \* \*

**(b) Enumerated offenses—**The following offenses shall apply to subsection (a):

\* \* \*

Section 3701 (relating to robbery).

\* \* \*

## § 6106. Firearms not to be carried without a license

### (a) Offense defined.—

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

\* \* \*

## § 6108. Carrying firearms on public streets or public property in Philadelphia

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

\* \* \*

## § 6110.2. Possession of firearm with altered manufacturer's number

> **(a)    General rule.—**No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated.

18 Pa.C.S.A. §§ 6105(a)(1), (b), 6106(a)(1), 6108, and 6110.2(a).

"When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…." ***Commonwealth v. Jones***, 874 A.2d 108, 121 (Pa.Super. 2005).  "Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control." ***Id.***

> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence.  In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Commonwealth v. Parrish***, 191 A.3d 31, 36-37 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 202 A.3d 42 (2019) (internal citations and quotation marks omitted).

Instantly, Complainant's testimony from the April 24, 2017 hearing established that she feared Appellee because he frequently brandished a firearm.  Complainant testified, "He threatens me like silently.  He doesn't say anything.  He just pulls his gun out, and that's it."  N.T. Hearing, 4/24/17, at 6.  Complainant emphasized she is familiar with Appellee's firearm, because "[i]t stays on the coffee table every day.  I have pictures of it." ***Id.*** at 12.  Complainant also confirmed she saw Appellee's firearm on April 8, 2017, which

was the date when the police were called to her residence. *See id.* at 6-7, 12.

At the June 20, 2018 hearing, Complainant testified the police recovered Appellee's firearm from "the car that he was driving." N.T. Hearing, 6/20/18, at 7. The police showed the firearm to Complainant, who confirmed it was the same firearm she had photographed inside their residence. *See id.* at 8. Regarding Appellee's vehicle, Complainant indicated Appellee's "friend had rented him the car … and he used that car for a month." *Id.* at 9. Complainant also testified she had seen Appellee driving the vehicle at issue "for a week or two." *Id.* at 10.

The Commonwealth also presented Detective Guarna, who explained he obtained a warrant to search the vehicle parked in front of the residence. *Id.* at 17-18. The detective recovered a firearm from the glove compartment, and its serial number was scratched off. *Id.* at 18. Further, Appellee did not have a license to carry the firearm, and he had a prior robbery conviction. *Id.* at 18, 20.

Despite this evidence, the trial court determined the Commonwealth failed to establish Appellee's constructive possession of the firearm:

> Here, there is no testimony, whatsoever, about any personal effects [in the vehicle] belonging to Appellee. Moreover, there was no paperwork, on the record, to support a finding that the vehicle was registered to or purchased by Appellee. In fact, the testifying officer noted that he did not recall the owner of the vehicle. There was no supporting testimony indicating if the car belonged to the alleged friend who let Appellee borrow the car, no testimony on any temporary

- 8 -

tags, and none regarding the vehicle being rented. Additionally, the … handgun in this case was recovered from the glove compartment. Other than the hearsay statement provided by the complainant, nothing on the record suggests that Appellee exercised conscious dominion over the vehicle and the handgun. Even if we find that Appellee drove the vehicle, as mentioned above, nothing in the record supports the conclusion that Appellee had control over the handgun.

(Trial Court Opinion, filed July 30, 2019, at 6).

Nevertheless, Complainant's testimony definitively established: 1) she had seen Appellee in possession of a firearm on multiple occasions; 2) she had seen Appellee driving the vehicle parked in front of their residence for approximately two weeks; and 3) the firearm recovered from the vehicle was the same one Complainant had seen Appellee brandish. Under the totality of these circumstances, one could reasonably infer that Appellee exercised dominion and control over the firearm. **See Parrish, supra**. **See also Commonwealth v. Kirkland**, 831 A.2d 607 (Pa.Super. 2003), *appeal denied*, 577 Pa. 712, 847 A.2d 1280 (2004) (holding sufficient evidence established defendant's constructive possession of contraband found in vehicle; even though defendant did not own vehicle and arresting officers did not see defendant in vehicle, defendant's wife told officers defendant had arrived in vehicle, defendant possessed keys to vehicle, and contraband was located in area defendant could access).

Our review of the testimony produced at the hearings, viewed in the light most favorable to the Commonwealth and accepted as true at this

juncture, leads us to conclude that the Commonwealth presented sufficient evidence to establish a *prima facie* case as to the VUFA charges filed against Appellee. **See Ouch, supra**; **Hilliard, supra**. Accordingly, we reverse the order denying the Commonwealth's request to refile the charges and remand this case for further proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/30/2020*