J-S35015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMAINE PERRY | : | |
| | : | |
| Appellant | : | No. 3028 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 23, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005959-2018

BEFORE:  BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    Filed: September 10, 2020

Jermaine Perry appeals from the judgment of sentence of ten to twenty years of imprisonment imposed after he was convicted of two counts of robbery and related charges.  We affirm.

The trial court summarized the factual history as follows:

> In the afternoon of July 16, 2018, Appellant entered Pop's Pizza in Bristol, Bucks County, Pennsylvania.  The victim, Ok Hwa Sul, (hereinafter "the Victim"), a sixty-two-year-old South Korean woman, was working at the store at that time.  Appellant was a near daily visitor to the store and was well-known to the Victim. Upon Appellant entering the store on July 16, 2018, he purchased a beverage and a scratch-off lottery ticket.  Appellant scratched the lottery ticket and told the Victim that he won.  The Victim scanned the scratch-off lottery ticket into the lottery machine, but it indicated that the ticket was not a winner.  The Victim gave the ticket back to Appellant and left the front of the store to go into the back office.

---

[*] Retired Senior Judge assigned to the Superior Court.

While in the office, the Victim sat down and looked at the security video camera that was displayed on a television screen. The video cameras were positioned in the store to show the front counter. The Victim saw Appellant behind the counter near the lottery machine, bending at his waist and leaning forward. The Victim exited the office, was walking through the kitchen area to get to the front counter when Appellant appeared, pulled her head back, and grabbed her around her neck. Appellant continued to hold the Victim by her neck and forced her to the front counter where the cash register was located. With his hand still around her neck, he pressed a sharp object against the right side of her body. The Victim described the object as a knife and explained that it was a "medium" sized knife. . . . [W]hen speaking to the Bristol Township Police Department, the Victim described the knife as "a very large bladed knife". In the security camera footage, a large object with a black handle can be seen in Appellant's right hand while he was holding the Victim's neck with his left hand before gathering the money from the cash register.

Once Appellant led the Victim to the front counter, he demanded that she open the cash register. The Victim tried several times to open the cash register, but was nervous as she typed in the code and mistakenly entered the wrong code several times. Appellant told her to "hurry up" and "open it", to which the Victim responded, "please don't kill me. I'll give you all the money." After several attempts, the Victim entered the correct code and the cash register opened. Appellant took all the money out of the cash register and exited the store.

After Appellant left the store, the Victim called 911 to report the incident. At approximately 2:15 p.m., Officer Shawn Lyons of the Bristol Township Police Department responded to the scene. Officer Lyons described the Victim as being "in a frantic state" when he arrived. Officer Lyons was able to obtain the first name of the suspect from the Victim. Officer Lyons then reviewed the video footage from the incident and identified Appellant as the suspect, having recognized him from "previous contact".

Trial Court Opinion, 12/17/19, at 1-3 (citations omitted).

Appellant was arrested and charged with two counts of robbery, unlawful restraint, simple assault, recklessly endangering another person, and

harassment. Appellant proceeded to a jury trial. On July 11, 2019, he was convicted of all charges. On September 23, 2019, Appellant was sentenced to a mandatory minimum sentence of ten to twenty years of incarceration for the robbery conviction. No further penalty was imposed at the remaining charges.

Appellant did not file a post-sentence motion, but filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court thereafter authored its Rule 1925(a) opinion. Appellant presents the following issue for our review: "Was the evidence insufficient to convict Appellant of robbery under 18 Pa.C.S. § 3701(a)(1)(ii)?" Appellant's brief at 4.

Appellant's sole issue challenges the sufficiency of the evidence to support his robbery conviction. **See** Appellant's brief at 8. Our standard of review when considering a challenge to the sufficiency of the evidence is:

> [w]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the

- 3 -

credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citations and quotation marks omitted).

The Pennsylvania Crimes Code defines robbery as, *inter alia*, when a defendant, "in the course of committing a theft, threatens another with or intentionally puts [her] in fear of immediate serious bodily injury." 18 Pa.C.S. § 3701(a)(1)(ii). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

"A conviction under [§] 3701(a)(1)(ii) is contingent upon the type of bodily harm threatened." *Commonwealth v. Ouch*, 199 A.3d 918 (Pa.Super. 2018) (citing *Commonwealth v. Ross*, 570 A.2d 86, 87 (Pa.Super. 1990) (holding that evidence was sufficient to show a threat of serious bodily injury where the defendant threatened the victim with an upraised knife)). The Commonwealth does not need to prove that the actor conveyed a verbal threat to the victim in order sustain a conviction under § 3701(a)(1)(ii). *See Commonwealth v. Bragg*, 133 A.3d 328, 332 (Pa.Super. 2016) (explaining that this Court has never held that brandishing a weapon or making a specific verbal threat is required in order to sustain a conviction under § 3701(a)(1)(ii)). Rather, the evidence is sufficient if the actor's aggressive actions threatened the victim's safety. *Ouch*, *supra* at 925.

Here, Appellant concedes that the evidence was sufficient to convict him of a lesser degree of robbery, 18 Pa.C.S. § 3701(a)(1)(iv), which requires that the Commonwealth prove **immediate** bodily injury. *See* Appellant's brief at 10. Appellant admits this charge, because he acknowledges that he grabbed the Victim by the neck and instructed her to open the cash register. *Id*. However, he contends that the evidence was insufficient to convict him of § 3701(a)(1)(ii), a first-degree felony, because the Commonwealth failed to prove that Appellant's actions placed the Victim in fear of **serious** bodily injury, since he did not place the knife to the Victim's throat. *Id*.

The trial court disagreed with Appellant and explained its reasoning as follows:

> Here, the evidence presented established beyond a reasonable doubt the elements of robbery pursuant to subsection 3701(a)(1)(ii) of the Crimes Code. The evidence demonstrated that during the course of the robbery, Appellant forcefully took hold of the Victim by her neck and continued to hold onto her neck while leading her from the kitchen area of the store to the front counter where the cash register was located. The Victim testified that the Appellant pressed a "sharp object" against her side which she described as a medium to large sized knife. The Commonwealth presented security camera video footage of the incident in which one can see Appellant's fist wrapped around a black-handled object. The security camera video substantiated the Victim's testimony that a weapon was used in the course of the robbery.[10] While physically securing her by holding his hand around her neck and pressing a knife into her side, Appellant demanded money from the Victim. This evidence clearly demonstrated threatening, aggressive actions. In response to Appellant's actions, the Victim testified that she stated to Appellant "please, don't kill me". Accordingly, the evidence also showed that the Victim was in actual fear of serious bodily injury.

---

[10] Defense counsel's primary argument at trial was that Appellant did not possess or use a weapon while perpetrating the crime.

The jury weighed all of the evidence presented, the credibility of the witnesses, and returned a verdict finding Appellant guilty of robbery pursuant to subsection 3701(a)(1)(ii) of the Crimes Code. The Commonwealth satisfied its burden and presented sufficient evidence that Appellant threatened the Victim with or put her in fear of immediate serious bodily injury by forcefully holding onto her while pressing a knife to her side. Because the jury's verdict was supported by sufficient evidence, we respectfully submit that it should not be disturbed on appeal.

Trial Court Opinion, 12/17/19, at 5-6 (citations omitted).

Our review of the certified record confirms the trial court's assessment. *Id*. The Victim testified that Appellant held a knife to her torso during the course of the robbery. If believed, her testimony alone was sufficient to prove the element of serious bodily injury. *See Commonwealth v. Johnson*, 180 A.3d 474, 481 (Pa.Super. 2018) (holding that the uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime). However, the Commonwealth did not simply rely on the Victim's testimony. The Commonwealth corroborated the Victim's testimony with surveillance footage, which depicted Appellant holding a dark-handled object to the Victim's side. Accordingly, the evidence was sufficient to sustain Appellant's conviction for robbery and we affirm his judgment of sentence on this basis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/10/20