J-A17037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL LEVITT | : | No. 64 EDA 2023 |

Appeal from the Order Entered December 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0004278-2022

BEFORE: BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 31, 2024**

The Commonwealth appeals from the order denying its motion to refile charges of perjury, unsworn falsification to authorities, and official oppression[1] against former police officer Daniel Levitt ("Levitt"). We reverse and remand for further proceedings.

The refile preliminary hearing court[2] provided the factual and procedural history of this case, which we set forth in relevant part, as follows:

---

[1] **See** 18 Pa.C.S.A. §§ 4902, 4904, 5301.

[2] In June 2022, following a preliminary hearing, a Philadelphia Municipal Court judge dismissed the charges against Levitt. The Commonwealth refiled charges. After a hearing, a judge of the Court of Common Pleas denied relief. This Court has jurisdiction over the Commonwealth's appeal of the denial of relief. **See** 42 Pa.C.S.A. § 742; **Commonwealth v. Weigle**, 997 A.2d 306, 308 n.5 (Pa. 2010) (explaining that under Philadelphia County Local Criminal Rule 500(H), Common Pleas Motion Court judges' orders denying a rearrest petition constitute final orders subject to appellate review).

On April 28, 2021, [Levitt] . . . of the Philadelphia Police Department, was on patrol with other officers . . . when they stopped a van in which Tyshon Butts ("Butts") was a passenger[,] for violations of the Motor Vehicle Code. During the stop and investigation, a 9-millimeter black Glock handgun with an extended magazine and 30 rounds of ammunition was recovered from a backpack located in the van. Subsequently, criminal charges were filed against Butts.

On August 5, 2021, at Butts'[s] preliminary hearing in the Philadelphia Municipal Court, Levitt testified that he and police officers Washington and Kelly conducted the stop of the van where Butts was a passenger in the front seat. Levitt approached the driver's side of the van and was initially interacting with the driver when his attention was drawn to the area behind the front seat where he saw a bag. Levitt thought that someone in the back of the van had put it there. For safety reasons, Levitt checked the area because he thought another individual was in the back of the van. In that area there were at least three bags[,] and Levitt saw an extended magazine of a firearm sticking out of one of the bags. The firearm that was recovered was a Glock 9-millimeter handgun with a 33-round extended magazine. During the investigation, Butts admitted the firearm was his and he did not have a license to carry firearms. When asked where specifically he found the firearm, Levitt's testimony was as follows:

Q. So where exactly was this magazine sticking out of the bag, where did you see it?

A: I don't remember. I would have to look at the body camera. I mean[,] it wasn't a big bag. It was just like a backpack.

Pursuant to Levitt's testimony, the Municipal Court found that there was sufficient evidence to hold Butts for trial for violating [18 Pa.C.S.A] § 6106 and § 6108 of the Pennsylvania Uniform Firearms Act[.] On February 16, 2022, the Commonwealth entered a *nolle prosequi* in Butts'[s] case and on March 17, 2022, the Commonwealth [filed criminal charges against Levitt, namely] perjury, unsworn falsification to authorities, and official oppression. On June 21, 2022, following a preliminary hearing in Levitt's case, the Philadelphia Municipal Court dismissed the charges against Levitt for lack of evidence. On June 22, 2022, the Commonwealth filed a notice of refiling the charges in the Court of Common Pleas. On October 27, 2022, a

hearing was held on the refile petition and[,] after viewing the video footage [and] considering all the testimony and exhibits and arguments of the parties, th[e] court denied the refile petition[.]

\* \* \* \* \*

At the refile hearing on October 27, 2022, the Commonwealth introduced Levitt's testimony from Butts'[s] August 5, 2021, preliminary hearing, footage of the investigation from the body[-]worn cameras and Levitt and the other officers during the vehicle stop and Butts'[s] arrest as well as testimony from other officers to establish the charges.

At the hearing, Sergeant Dayton Bennett ("Sergeant Bennett"), an investigator of the Internal Affairs Division of the District Attorney, testified for the Commonwealth and narrated the multi-body[-]worn camera video from police officers. Portions of the video[s] show Butts seated in the van providing information to the officers. [Butts] retrieved information from a shark[-]teeth backpack and is seen returning it to the area behind the seats where there were other opened or partially opened bags. When this court viewed the videos, it was not clear whether the shark[-]teeth bag was completely or partially zipped closed before it was returned to the rear area after Butts provided his identification to Officer Washington. After Levitt's body[-]worn camera video shows a bag with shark teeth when he is explaining where he found the magazine sticking out of a bag, the video coverage clearly showed there were at least three other bags next to the shark[-]teeth bag.

In the video from Levitt's body[-]worn camera, several seconds of the video were obscured while recording. Sergeant Bennett testified that he could hear a zipper being manipulated during the obstructed part of his video and suggested that this was Levitt opening Butts'[s] bag. Th[e] court listened to the video and could not hear the unzipping of a bag sound as narrated by Sargeant Bennett.

*See* Refile Preliminary Hearing Court Opinion 7/6/23, at 1-4 (footnotes omitted, capitalization standardized, paragraph break altered).[3] After viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences, the refile preliminary hearing court found no direct or circumstantial evidence that Levitt made statements or written reports knowing or believing them to be untrue, or arrested or seized Butts's gun knowing his conduct was illegal. *See id*. at 8. It accordingly denied the Commonwealth's petition to refile charges on December 5, 2022. The Commonwealth timely appealed and it and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issue for review:

Did the lower court err in denying the Commonwealth's motion to refile the charges of perjury, unsworn falsification to authorities, and official oppression, where the evidence, when properly evaluated in the light most favorable to the Commonwealth, established a *prima facie* case that [Levitt] committed each of the charged crimes?

Commonwealth's Brief at 4.

Our standard of review for an order dismissing a criminal charge, based on the sufficiency of the evidence establishing a *prima facie* case at a preliminary hearing is plenary:

The trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the

_____

[3] Following Butts's arrest, Levitt filled out police 75-48 and 75-49 reports stating he saw a gun with an extended magazine sticking out of Butts's bag. *See* N.T. 10/27/22, at 9-13.

Commonwealth has carried its pre-trial *prima facie* burden to make out the elements of a charged crime. Therefore, we are not bound by the legal determinations of the trial court.

*Commonwealth v. Ouch*, 199 A.3d 918, 923 (Pa. Super. 2018) (internal citations, quotations, and brackets omitted). *See also Commonwealth v. Dantzler*, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en banc*) (recognizing the Court reviews the grant of a *prima facie* evidentiary sufficiency challenge *de novo*); *Commonwealth v. Sutton*, 313 A.3d 1071, 1074 (Pa. Super. 2024) (same).

This Court has explained the purpose of a preliminary hearing is:

to determine whether the Commonwealth has made out a *prima facie* case for the offenses charged. A *prima facie* case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. . . . .

The Commonwealth establishes a *prima facie* case when it produces evidence that, ***if accepted as true***, would warrant the trial judge to allow the case to go to a jury. The Commonwealth need not prove the elements of the crime beyond a reasonable doubt; rather, the *prima facie* standard requires evidence of the existence of each and every element of the crime charged. Moreover, ***the weight and credibility of the evidence are not factors at this stage***, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case.

*Ouch*, 199 A.3d at 923 (internal citations, quotations, and indentation omitted; emphasis in original). *See also Commonwealth v. Huggins*, 836 A.2d 862, 866 (Pa. 2003) (recognizing the Commonwealth's burden of proof

at a preliminary hearing stage requires far less than proof beyond a reasonable doubt).

The Commonwealth challenges the refile preliminary hearing court's order dismissing the charges of perjury, unsworn falsification to authorities, and official obstruction.

A person is guilty of perjury "if in any official proceeding he makes a false statement under oath . . . when the statement is material, and he does not believe it to be true." 18 Pa.C.S.A. § 4902(a); *see also Commonwealth v. Lafferty*, 419 A.2d 518, 522 (Pa. Super. 1980). Regardless of the admissibility of the challenged statement, falsification is material "if it could have affected the course or outcome of the proceeding." *See* 18 Pa.C.S.A. § 4902(b).

A person commits unsworn falsification to authorities if with the intent to mislead a public servant in performing his official function, he, *inter alia*, "makes any written false statement which he does not believe to be true." 18 Pa.C.S.A. § 4904(a)(1). A police "75-48" report is a standard report submitted to the detective in charge of the case. *See Commonwealth v. Hamilton*, 546 A.2d 90, 93 (Pa. Super. 1988); *Commonwealth v. Nicholson*, 361 A.2d 724, 725 (Pa. Super. 1976).

A person commits official oppression when, acting or purporting to act in an official capacity, knowing that his conduct is illegal, he, *inter alia*, "subjects another to arrest, detention, search, seizure . . . or other

- 6 -

infringement of personal or property rights . . ..*" 18 Pa.C.S.A. § 5201(1).
"Knowing" has been interpreted for the purpose of the statute as involving
"bad faith." *See Commonwealth v. Wroten*, 257 A.3d 734, 745 (Pa. Super.
2021). The making of false statements demonstrates consciousness of guilt.
*See Commonwealth v. Gallaway*, 283 A.3d 217, 223 (Pa. Super. 2022).

The Commonwealth asserts the evidence shows Levitt unzipped Butts's
closed bookbag without any quantum of suspicion, then lied about the
circumstances in police reports and sworn testimony. *See* Commonwealth's
Brief at 12-14. The Commonwealth contends this Court is not bound by the
refile preliminary hearing court's "misperception" of the acts depicted on the
video concerning whether Butts's bag was completely zipped, whether Levitt
unzipped it, and the video speaks for itself. *Id*. at 14-15.

Regarding the specific charges, the Commonwealth asserts Butts's
preliminary hearing was an "official proceeding," Levitt could not have
believed his testimony about his actions was true, and his testimony was
material to the proceeding. *See* Commonwealth's Brief at 16-17. It asserts
Levitt's authorship of police reports containing false statements established
unsworn falsification to authorities. *See id*. at 17-19. Finally, it asserts that
Levitt acted in his official capacity when he searched the bookbag, seized the
gun, and arrested Butts, and it can be inferred he knew his conduct was illegal
or in bad faith because he intentionally obscured his body-worn camera's view
of his search and opened the bookbag in an "unusually slow and quiet

manner," and spent two minutes alone in the car he was searching, ostensibly looking for a third occupant. *See id*. at 19-21.

The trial court stated it was not clear from the videos introduced at the refile preliminary hearing whether the shark-teeth backpack was completely or partially closed and that it could not hear a zipper being manipulated as Sergeant Bennett testified it was, thereby defeating any claim Levitt testified falsely and/or knew his testimony was false. *See* Trial Court Opinion, 7/6/23, at 4, 6-8. It further stated Levitt did not know from which bag he recovered the extended magazine of the gun, rendering the assertion he made a false statement or lied under oath "merely speculation," thereby failing to establish unsworn falsification to authorities or official obstruction at the *prima facie* level. *Id*. at 6-8.

Mindful of our plenary scope of review and the standard that the refile preliminary hearing court was required to accept the evidence presented as true, we hold the court erred as a matter of law by finding the Commonwealth failed to make out a *prima facie* case of each of the charged offenses.

As the trial court acknowledged, Sergeant Bennett testified at the Petition for Refile preliminary hearing that he could hear a zipper being manipulated in the nearly-two-minute portion of the video where the camera obscured Levitt's actions as he purportedly looked for additional people in the back seat of the van. However, the court stated it could not hear the sound of the zipper being opened. *See* Trial Court Opinion, 7/6/23, at 4. As stated,

preliminary hearing evidence establishes a *prima facie* case where, accepted as true, it would warrant a judge to allow the case to go to a jury. ***See Ouch***, 199 A.3d at 923. By raising a factual dispute about Sergeant Bennett's testimony, the trial court improperly assessed the credibility of the evidence. ***See id***. (stating the weight and credibility of the evidence are not factors at the preliminary hearing stage).[4] We must therefore assume at this stage of the case that Levitt unzipped the shark-teeth bag, knew it was illegal to do so and lied about doing so.

Additional evidence introduced at the Petition for Refile preliminary hearing supports the inference that Levitt unzipped the shark-teeth bag without legal authority. The video introduced at that hearing shows Butts appearing to re-zip the shark-teeth bag and placing it in the back of the van after unzipping it to produce a credit card. ***See*** N.T., 10/27/22, at 14, Commonwealth's Exhibit 7 at 1:55-3:00. Levitt then asks Butts if there is someone else in the back of the van and leans into the back seat of the small van. Although it is reasonable to infer Levitt could determine in seconds

_____

[4] We recognize that Sergeant Bennett testified about what he could hear on a video that the trial court could also, and did, hear. Although there is a keen debate about what level of deference an ***appellate*** court owes a trial court's interpretation of such evidence, ***see e.g.***, *Appellate Review – The Split on the Proper Standard of Review for Police Video Evidence –* ***Scott v. Harris****, 550 U.S. 372 (2007)*, 39 AMJTA 447 (2016), those questions are irrelevant here. The trial court was required to accept the witness's testimony as true. Thus, we decline to offer our own opinion about whether the zipper sound is audible on the video.

whether someone was in the back of the van – and in fact an officer had already opened the back of the van to give Butts his knapsack, *see id*. at 1:45-1:55 – Levitt leans into the back of the van from the front seat for almost two minutes while his body-camera is pressed against the front seat so none of what he does is visible, and asks, "[W]hose bag is this with a wallet in it?" before reporting the presence of a weapon approximately thirty seconds later. *See id*. at 5:00-6:45. Levitt ultimately declares that a gun was sticking out of the bag, referring to the shark-teeth bag. *See* N.T., 10/27/22, at 51-52, Commonwealth's Exhibit 13 at 0:05-0:20. That evidence, which must be accepted as true, warrants the inference that Levitt unzipped Butts's bag and saw the gun he later claimed was in plain view protruding from the bag.

When the evidence viewed as true is applied to the charges, it establishes a *prima facie* case of perjury, unsworn falsification to authorities, and official oppression. The crime of perjury requires a false, material statement under oath in an official proceeding the person does not believe to be true. *See* 18 Pa.C.S.A. § 4902(a); *Lafferty*, 419 A.2d 518, 522. Levitt's knowingly false statement at his rearrest preliminary hearing that Butts's gun was visible in an unzipped bag establishes a *prima facie* case of each element of the offense. That the preliminary hearing court declared it could not determine *itself* if the bag was completely zipped when Butts put it in the back of the van is irrelevant because the court was required to accept Sergeant Bennett's testimony as true. That there were other bags in the back

is similarly unavailing, given the testimony and video evidence indicating the bag was zipped closed, the sound of unzipping which occurred as Levitt leaned into the back of the van, and the fact Levitt specifically identified the shark-teeth bag as the open bag from which the gun had protruded were sufficient to meet the applicable *prima facie* level to support the charges. **See** N.T., 10/27/22, at 51-52, Commonwealth's Exhibit 13 at 0:05-0:20.

Similarly, a person commits unsworn falsification to authorities when he makes a written false statement he does not believe to be true, with the intent to mislead a public servant in performing his official function. **See** 18 Pa.C.S.A. § 4904(a)(1). Levitt submitted his investigation report, the 75-48, in which he averred Butts's gun was sticking out of his bag, for use in court proceedings. **See** N.T., 10/27/22, at 12-13. As discussed above, other evidence and reasonable inferences support the assertion at the *prima facie* level that Levitt's statement indicating the gun protruded from the bag was false and he knew it to be false. **See Ouch**, 199 A.3d at 923.

Finally, a person commits official oppression when, *inter alia*, acting in an official capacity and knowing his conduct is illegal, he subjects another to arrest or detention. **See** 18 Pa.C.S.A. 5202(1). Accepting the preliminary hearing evidence as true, Levitt knew his search of Butts's bag was illegal and this search subjected Butts to an arrest or detention. That evidence established a *prima facie* case of official oppression. **See** 18 Pa.C.S.A. 5201(1); **Gallaway**, 283 A.3d at 223; **Wroten**, 257 A.3d at 745.

Because the trial court failed to apply the proper standard of review to the Refile Petition and the evidence viewed under the proper standard established the commission of the charged offenses at a *prima facie* level, the court improperly denied the Commonwealth's Petition to Refile. Based on the foregoing, we reverse the trial court's order denying the Petition to Refile, and remand for further proceedings consistent with this decision.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2024